# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Federal Trade Commission,<br><br>Plaintiff,<br><br>v.<br><br>8 Figure Dream Lifestyle LLC, et al.,<br><br>Defendants. | No. SACV 19-01165 AG (KESx)<br><br>**PRELIMINARY INJUNCTION** |

On June 12, 2019, Plaintiff, Federal Trade Commission, filed its Complaint for a Permanent Injunction and other Equitable Relief under Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108 (Docket No. 2). Under Fed. R. Civ. P. 65(b), the FTC also filed an *ex parte* application for a temporary restraining order, asset freeze, other equitable relief, and an order to show cause why a preliminary injunction should not issue against 8 Figure Dream Lifestyle LLC, JL Net Bargains Inc., Kappy Enterprises LLC, Millionaire Mind Enterprises LLC, OEA LLC (a/d/b/a Online Entrepreneur Academy, d/b/a 14 Day Champion Challenge, d/b/a 14 Day Challenge), Spirit Consulting Group Inc., John A. Bain, Alex Dee, Brian M. Kaplan, and Jerrold S. Maurer (a/k/a Jerry Maurer) (collectively "Defendants"). (Docket No. 3).

The Court granted the application, issuing a temporary restraining order ("TRO") on June 13, 2019, including an asset freeze, expedited discovery, and other equitable relief. (Docket Nos. 28 and 29). The Court ordered Defendants to appear at a hearing on June 24, 2019, to show cause why a preliminary injunction should not issue. On June 21, Defendants moved to continue the show cause hearing to July 8. (Docket No. 31). In response, the Court ordered the parties to appear for a status conference on June 24. (Docket No. 34). At the June 24 status conference, all parties informed the Court that they had stipulated to extend and abide by the TRO until a preliminary injunction hearing. (Docket No. 36). The Court subsequently rescheduled the preliminary injunction hearing for July 19, 2019. (Docket No. 36). Before that hearing, the FTC and Defendants 8 Figure Dream Lifestyle LLC, JL Net Bargains Inc., Kappy Enterprises LLC, Millionaire Mind Enterprises LLC, Spirit Consulting Group Inc., John A. Bain, Alex Dee, Brian M. Kaplan, and Jerrold S. Maurer (a/k/a Jerry Maurer) (collectively "Stipulating Defendants") agreed to entry of a preliminary injunction for the duration of this litigation. The terms of the stipulated preliminary injunction are as follows:

**FINDINGS OF FACT**

A. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

B. In order to avoid litigation and as part of the process to settle the action between the FTC and Stipulating Defendants, the FTC and Stipulating Defendants have agreed to entry of this Order.

C. The relief granted by this Order is appropriate equitable relief permitted by the FTC Act and within the inherent equitable powers of the Court. *See, e.g., FTC v. H.N. Singer, Inc.*, 668 F.2d 1107, 1110-13 (9th Cir. 1982)

(holding that Section 13(b) of the FTC Act "provides a basis" for a preliminary injunction "freezing assets" and other equitable relief).

D. Weighing the equities and considering the FTC's likelihood of ultimate success on the merits, a preliminary injunction with an asset freeze and other equitable relief is in the public interest.

E. This Court has the authority to issue this Order pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b); Federal Rule of Civil Procedure 65; and the All Writs Act, 28 U.S.C. § 1651.

F. The FTC is an independent agency of the United States and no security is required of any agency of the United States for the issuance of a preliminary injunction. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A. "**8 Figure Dream Lifestyle Corporate Defendants**" means 8 Figure Dream Lifestyle LLC; JL Net Bargains Inc.; Kappy Enterprises LLC; Millionaire Mind Enterprises LLC; and Spirit Consulting Group Inc. and each of their subsidiaries, affiliates, successors, and assigns.

B. "**8 Figure Dream Lifestyle Defendants**" means the 8 Figure Dream Lifestyle Corporate and Individual Defendants, individually, collectively, or in any combination.

C. "**8 Figure Dream Lifestyle Individual Defendants**" means John A. Bain, Alex Dee, Brian M. Kaplan, and Jerrold S. Maurer, a/k/a Jerry Maurer, individually, collectively, or in any combination.

D. "**Defendants**" means the 8 Figure Dream Lifestyle Defendants and the OEA Defendants, individually, collectively, or in any combination.

E. "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs,

sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate Document within the meaning of the term.

    F.    "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

    G.    "**Investment Opportunity**" means anything, tangible or intangible, that is offered, offered for sale, sold, or traded based wholly or in part on representations, either express or implied, about past, present, or future income, profit, or appreciation.

    H.    "**OEA Corporate Defendants**" means JL Net Bargains Inc.; Kappy Enterprises LLC; Millionaire Mind Enterprises LLC; OEA LLC, also d/b/a Online Entrepreneur Academy, d/b/a 14 Day Champion Challenge, d/b/a 14 Day Challenge; and Spirit Consulting Group Inc. and each of their subsidiaries, affiliates, successors, and assigns.

    I.    "**OEA Defendants**" means the OEA Corporate and Individual Defendants, individually, collectively, or in any combination.

J. **"OEA Individual Defendants"** means Alex Dee, Brian M. Kaplan, and Jerrold S. Maurer, a/k/a Jerry Maurer, individually, collectively, or in any combination.

K. **"Outbound Telephone Call"** means a telephone call initiated by a Telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

L. **"Seller"** means any person who, in connection with a Telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration.

M. **"Telemarketer"** means any person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor.

N. **"Telemarketing"** means any plan, program, or campaign that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

# ORDER

## I. PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are preliminarily restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including, but not limited to:

A. Consumers who purchase Defendants' purported money-making opportunities will earn or are likely to earn substantial income; and

B. Any other fact material to consumers concerning any good or service, such as: the total costs; any refund policy; any material restrictions, limitations, or

conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## II. PROHIBITIONS REGARDING TELEMARKETING

**IT IS FURTHER ORDERED** that the Stipulating Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with Telemarketing of any product or service, including any money-making opportunity, are preliminarily restrained and enjoined from:

    A.    Initiating, or causing others to initiate, an Outbound Telephone Call:

        1.    That makes a false or misleading statement to induce any person to pay for goods or services;

        2.    That misrepresents, directly or by implication, any material aspect of an Investment Opportunity including, but not limited to, risk, liquidity, earnings potential, or profitability; or

        3.    That delivers a prerecorded message.

    B.    Providing substantial assistance or support to any Seller or Telemarketer with knowledge or conscious avoidance of knowledge that the Seller or Telemarketer is engaged in any act or practice that violates §§ 310.3(a), (c), or (d), or § 310.4 of the TSR.

    C.    Violating any provision of the TSR, 16 C.F.R. Part 310, attached as Attachment A.

## III. PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

A. Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B. Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

Provided, however, that Stipulating Defendants may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

## IV. ASSET FREEZE

**IT IS FURTHER ORDERED** that Stipulating Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any assets that are:

1. owned or controlled, directly or indirectly, by any Defendant;
2. held, in part or in whole, for the benefit of any Defendant;
3. in the actual or constructive possession of any Defendant; or

    4. owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant.

  B. Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant or subject to access by any Defendant;

  C. Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of any corporate defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager. This includes any corporate bankcard or corporate credit card account for which any Defendant is, or was on the date that this Order was signed, an authorized signor; or

  D. Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

  The assets affected by this Section shall include: (1) all assets of Stipulating Defendants as of the time this Order is entered; and (2) assets obtained by Stipulating Defendants after this Order is entered if those assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order. This Section does not prohibit any repatriation of foreign assets specifically required by this Order.

  Nothing in this Order shall prohibit the Stipulating Defendants from seeking relief from the provisions of Section IV after entry of this Order.

  **V. DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES**

  **IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment

gateway, insurance company, business entity, or person who receives actual notice of this Order (by service or otherwise) that:

(a) has held, controlled, or maintained custody, through an account or otherwise, of any Document on behalf of any Stipulating Defendant or any asset that has been owned or controlled, directly or indirectly, by any Stipulating Defendant; held, in part or in whole, for the benefit of any Stipulating Defendant; in the actual or constructive possession of any Stipulating Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Stipulating Defendant;

(b) has held, controlled, or maintained custody, through an account or otherwise, of any Document or asset associated with credits, debits, or charges made on behalf of any Stipulating Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities; or

(c) has extended credit to any Stipulating Defendant, including through a credit card account, shall:

A. Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or asset, as well as all Documents or other property related to such assets, except by further order of this Court; provided, however, that this provision does not prohibit an individual defendant from incurring charges on a personal credit card established prior to entry of this Order, up to the pre-existing credit limit;

B. Deny any person access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Stipulating Defendant,

either individually or jointly, or otherwise subject to access by any Stipulating Defendant;

    C.    If they have not done so already in compliance with the TRO previously issued in this action (Docket No. 28), provide Plaintiff's counsel, within three (3) days of receiving a copy of this Order, a sworn statement setting forth, for each asset or account covered by this Section:

        1.    The identification number of each such account or asset;

        2.    The balance of each such account, or a description of the nature and value of each such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

        3.    The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Stipulating Defendant, or is otherwise subject to access by any Stipulating Defendant; and

    D.    If they have not done so already in compliance with the TRO previously issued in this matter (Docket No. 28), upon the request of Plaintiff's counsel, promptly provide Plaintiff's counsel with copies of all records or other Documents pertaining to any account covered by this Section or asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

Provided, however, that this Section does not prohibit any repatriation of foreign assets specifically required by this order.

## VI.     FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** that if any Stipulating Defendant has not done so already in compliance with the TRO previously issued in this action (Docket No. 28), within twenty (20) days of issuance of this Order, such Stipulating Defendant shall prepare and deliver to Plaintiff's counsel:

    A.    Completed financial statements on the forms attached to this Order as **Attachment B** (Financial Statement of Individual Defendant) for each individual defendant, and **Attachment C** (Financial Statement of Corporate Defendant) for each corporate defendant; and

    B.    Completed **Attachment D** (IRS Form 4506, Request for Copy of a Tax Return) for each individual and corporate defendant.

## VII.     FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that, if any Stipulating Defendant has not already done so in compliance with the TRO previously issued in this action (Docket No. 28), within five (5) days following issuance of this Order, such Stipulating Defendant shall:

    A.    Provide Plaintiff's counsel with a full accounting, verified under oath and accurate as of the date of this Order, of all assets, Documents, and accounts outside of the United States which are: (1) titled in the name, individually or jointly, of any Stipulating Defendant; (2) held by any person or entity for the benefit of any Stipulating Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Stipulating Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Stipulating Defendant;

    B.    Take all steps necessary to provide Plaintiff's counsel access to all Documents and records that may be held by third parties located outside of the

territorial United States of America, including signing the Consent to Release of Financial Records appended to this Order as **Attachment E**.

    C.    Transfer to the territory of the United States any and all Documents and assets located in foreign countries which are: (1) titled in the name, individually or jointly, of any Stipulating Defendant; (2) held by any person or entity for the benefit of any Stipulating Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Stipulating Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Stipulating Defendant; and

    D.    The same business day as any repatriation, (1) notify counsel for Plaintiff of the name and location of the financial institution or other entity that is the recipient of such Documents or assets; and (2) serve this Order on any such financial institution or other entity.

## VIII. NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

    A.    Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Stipulating Defendants' assets have been fully repatriated pursuant to this Order; or

B. Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Stipulating Defendants' assets have been fully repatriated pursuant to this Order.

## IX. CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any one or more of the Stipulating Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## X. PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

A. Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

B. Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' assets.

## XI. REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's counsel with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XII. ACCESS TO BUSINESS RECORDS

**IT IS FURTHER ORDERED** that Stipulating Defendants, if any Stipulating Defendant has not already done so in compliance with the TRO previously issued in this action (Docket No. 28), shall provide the Commission's employees and agents copies of Defendants' business Documents as set forth below.

A. **Electronic Records and Residential Addresses**: Within thirty (30) days of receiving notice of this Order, Stipulating Defendants must produce to the Commission for inspection, inventory, and/or copying the following Documents that are stored with any Electronic Data Host or found at any individual defendant's personal residence:

1. All customer information (including names, phone numbers, addresses, email addresses, and payment information) for any person who purchased products or services from any Defendant.
2. All Documents relating to the marketing and sale of Defendants'

|   |    | products or services, including scripts, videos, advertisements, webpages, flyers, emails, mailers, brochures, agendas, slideshows, talking points, sales training materials, marketing plans and strategies, and internal communications relating to marketing and sales. |
|---|----|---|
|   | 3. | All video or audio recordings of calls with persons who purchased products or services from any Defendant. |
|   | 4. | All complaints from persons who purchased products or services from any Defendant. |
|   | 5. | All financial records and accounting information relating to Defendants, including profit and loss statements, annual reports, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state, or local business or personal income or property tax returns, and 1099 forms. |
|   | 6. | All Documents relating to the amount of commissions earned by purchasers of products or services from any Defendant. |
|   | 7. | All Documents relating to any income disclosure prepared by any Defendant, including the underlying data used in any income disclosure. |
|   | 8. | All Documents relating to Defendants' refund policies, including the number of people who requested refunds, the number of people who received refunds, the basis for denial of refund requests, training provided to Defendants' employees relating to handling refund requests, and internal communications relating to the development of Defendants' refund policies and procedures. |

The Commission shall return produced materials pursuant to this Paragraph within five (5) business days of completing said inventory and copying. Production of Documents pursuant to this Paragraph shall not provide grounds for any

Stipulating Defendant to object to any subsequent request for Documents served by Plaintiff.

### XIII.  EXPEDITED DISCOVERY

The Court's TRO of June 13, 2019, includes a section regarding expedited discovery.  *See* Dkt. No. 28 at Section XXIII.  That section authorizes the Commission to take depositions of Defendants limited to specific topics.  At Stipulating Defendants' request and in an effort to reach an agreement on the terms of a stipulated preliminary injunction order, the Commission agreed to forgo its right to take depositions of the Stipulating Defendants until after entry of a preliminary injunction.  In exchange, the Stipulating Defendants agreed that the deposition provision of Section XXIII of the TRO would be included in this stipulated Order.  Accordingly,

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of Fed. R. Civ. P. 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Fed. R. Civ. P. 30(a) and 45, Plaintiff is granted leave, at any time after service of this Order, to conduct limited expedited discovery for the purpose of discovering:  (1) the nature, location, status, and extent of Defendants' assets; (2) the nature, location, and extent of Defendants' business transactions and operations; (3) Documents reflecting Defendants' business transactions and operations; or (4) compliance with this Order.  The limited expedited discovery set forth in this Section shall proceed as follows:

Plaintiff may depose each Stipulating Defendant.  Five (5) business days' notice shall be sufficient notice for such a deposition.  The limitations and conditions set forth in Rules 30(a)(2) and 31(a)(2) of the Federal Rules of Civil Procedure regarding subsequent depositions shall not apply to depositions taken pursuant to this Section.  Any such deposition taken pursuant to this Section shall not be counted towards the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone or other remote electronic

means.

## XIV. DISTRIBUTION OF ORDER BY STIPULATING DEFENDANTS

**IT IS FURTHER ORDERED** that Stipulating Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within ten (10) days from the date of entry of this Order, and provide Plaintiff with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order. Furthermore, Stipulating Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with Defendants to disregard this Order or believe that they are not bound by its provisions.

## XV. SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order as well as all other filings in this action may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law enforcement agency, or by private process server, upon any Stipulating Defendant or any person (including any financial institution) that may have possession, custody or control of any asset or Document of any Stipulating Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure. For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

## XVI. CORRESPONDENCE AND SERVICE ON PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

P. Connell McNulty
Thomas L. Harris
Federal Trade Commission
600 Pennsylvania Avenue, NW (CC-8528)
Washington, DC 20580
Fax: 202-326-3395
Email: pmcnulty@ftc.gov; tharris1@ftc.gov

## XVII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED**, this 19th day of July, 2019, at 2:45p.m.

_____
ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE