CHRISTINE M. REILLY (Bar No. 226388)
RICHARD P. LAWSON (Pro Hac Vice)
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224
E-mail: CReilly@manatt.com

*Attorneys for Defendants*
8 FIGURE DREAM LIFESTYLE LLC, JL NET BARGAINS, INC., KAPPY ENTERPRISES, LLC, MILLIONAIRE MIND ENTERPRISES LLC, SPIRIT CONSULTING GROUP, INC., JOHN A. BAIN, ALEX DEE, BRIAN M. KAPLAN, AND JERROLD S. MAURER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>8 FIGURE DREAM LIFESTYLE LLC, a Wyoming limited liability company; JL NET BARGAINS, INC., a New York corporation; KAPPY ENTERPRISES, LLC, a Colorado limited liability company; MILLIONAIRE MIND ENTERPRISES LLC, a Delaware limited liability company; OEA, LLC, also d/b/a ONLINE ENTREPRENEUR ACADEMY, d/b/a 14 DAY CHAMPION CHALLENGE, d/b/a 14 DAY CHALLENGE, an Arizona limited liability company; SPIRIT CONSULTING GROUP, INC., a Texas corporation; JOHN A. BAIN, individually and as an officer, member, and/or manager of 8 Figure Dream Lifestyle LLC; ALEX DEE, f/k/a ALEX S. DOWLATSHAHI, individually and as an officer, member, and/or manager of 8 Figure Dream Lifestyle LLC, Spirit Consulting Group, Inc., and OEA, LLC; BRIAN M. KAPLAN, individually and as an officer, member, and/or manager of 8 Figure | No. 8:19-CV-01165-AG (KESx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COUNT I OF THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: Nov. 18, 2019<br>Time: 10:00 AM<br><br>Judge: Hon. Andrew J. Guilford<br>Courtroom: 10D<br><br>Action Filed: June 12, 2019 |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | Dream Lifestyle LLC, Kappy Enterprises, LLC, Millionaire Mind Enterprises, LLC, and OEA, LLC; and JERROLD S. MAURER, a/k/a Jerry Maurer, individually and as an officer, member, and/or manager of 8 Figure Dream Lifestyle LLC, JL Net Bargains, Inc., and OEA, LLC,<br><br>                    Defendants. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 18, 2019 at 10:00 AM, Defendants 8 Figure Dream Lifestyle LLC, a Wyoming limited liability company; JL Net Bargains, Inc., a New York corporation; Kappy Enterprises, LLC, a Colorado limited liability company; Millionaire Mind Enterprises LLC, a Delaware limited liability company; Spirit Consulting Group, Inc., a Texas corporation; John A. Bain; Alex Dee; Brian M. Kaplan; and Jerrold S. Maurer (collectively, the "Moving Defendants"), will and hereby do move this Court for an order dismissing Count I of the Complaint and granting such other and further relief as the Court deems just and proper.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, all other pleadings or documents on file or to be filed, and any other written or oral evidence or argument presented at or before this motion is heard.

Counsel for Moving Defendants met and conferred with Plaintiff on September 18, 2019 in person regarding the grounds for this Motion to Dismiss and therefore, Moving Defendants' counsel has met the requirements of Local Rule 7-3. *See* Local Rule 7-3.

| | | |
|---|---|---|
| 1 | Dated: October 7, 2019 | MANATT, PHELPS & PHILLIPS, LLP |
| 2 | | |
| 3 | | By: *s/ Richard P. Lawson* |
| 4 | | Richard P. Lawson |
| 5 | | *Attorneys for Defendants* 8 FIGURE DREAM LIFESTYLE LLC, JL NET BARGAINS, INC., KAPPY ENTERPRISES, LLC, MILLIONAIRE MIND ENTERPRISES LLC, SPIRIT CONSULTING GROUP, INC., JOHN A. BAIN, ALEX DEE, BRIAN M. KAPLAN, AND JERROLD S. MAURER |

# MEMORANDUM OF POINTS AND AUTHORITIES

Moving Defendants submit the following Memorandum of Points and Authorities in support of its Motion to Dismiss Count I of the Complaint of Plaintiff the Federal Trade Commission ("FTC") pursuant to Federal Rules of Civil Procedure ("FRCP" or "Rule(s)") §12(b)(6) ("Motion") on the ground that Count I fails to state a claim upon which relief can be granted and Rule 8 for failure to meet basic federal pleading standards.[1]

## I. SUMMARY OF ARGUMENT

The allegations of the Complaint concerning Moving Defendants' conduct related to 8 Figure Dream Lifestyle ("8FDL") are inherently contradictory to the requirements of Section 13(b) of the FTC Act, 15 U.S.C. § 53(b) ("Section 13(b)"). To bring this action, Section 13(b) requires the FTC to allege that a violation is either ongoing or, in the Ninth Circuit, likely to recur. The Complaint is completely devoid of allegations that any of the Moving Defendants directly engaged in, or had knowledge of or authority to control the acts of others engaged in, unlawful activity through 8FDL after November 2018. As the FTC admits, Defendants Dee, Kaplan, and Maurer *abandoned* 8FDL once they started Online Entrepreneur Academy ("OEA"). Similarly, the Complaint contains no allegations that Defendant Bain was active in any deceptive conduct with 8FDL after the departure of Dee, Kaplan, and Maurer. Under Ninth Circuit precedent, Section 13(b) is satisfied if a violation is likely to recur. The FTC cannot meet this requirement as it alleges 8FDL has been abandoned by the Moving Defendants and thus it is not likely to commit such violations. Thus, 8FDL cannot be the subject of a Section 13(b) violation and Count I of the Complaint should be dismissed.

Further, the Complaint impermissibly lumps together, conflates, and does not

---

[1] This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 18, 2019.

differentiate between the conduct of 8FDL with that of OEA under Count I. Additionally, it fails to distinguish between the acts of each individual Moving Defendant and thus does not satisfy basic federal pleading requirements under Rule 8(a) as an improper "shotgun" pleading.

Accordingly, for the reasons set forth below in greater detail, Moving Defendants' Motion should be granted and Count I of the Complaint dismissed with prejudice as to Moving Defendants for failure to adequately state a claim upon which relief can be granted under Rule 12(b)(6).

## II. SUMMARY OF RELEVANT ALLEGATIONS

The Complaint, filed against the Moving Defendants on June 12, 2019 (Dkt. No. 28, "Complaint" or Compl.) fails to satisfy Section 13(b) because it admits that Moving Defendants' conduct ceased to exist when they abandoned 8FDL. Furthermore, it fails to satisfy Rule 8(a) by impermissibly lumping all Defendants together in shotgun fashion.

The Complaint focuses on the activities of two separate and distinct entities, 8FDL and OEA. The Complaint alleges that, as part of the 8FDL enterprise, Moving Defendants engaged in making unsubstantiated claims about earning potential. Compl. ¶ 23. The Complaint makes similar allegations regarding the claims of OEA. Compl. ¶ 93. The operations of 8FDL predate those of OEA. As the Complaint states, Defendants Dee, Kaplan, and Maurer publicly abandoned 8FDL in November 2018 and began OEA. Compl. ¶ 68. The Complaint alleges that after the departure of Dee, Kaplan, and Maurer, Defendant Bain engaged in efforts to maintain the consumer relations management tools of 8FDL and made various statements about updating 8FDL. Compl. ¶¶ 69-71.

Notably, the Complaint contains no allegations that Defendant Bain engaged in unlawful activity after the departure of Dee, Kaplan, and Maurer; nor, in fact, does it contain any allegations that 8FDL continued in operation. Count I of the Complaint alleges that the claims made by Moving Defendants were

unsubstantiated and therefore a violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a). Count I does not specify if it relates to the activities of 8FDL or OEA. Moving Defendants respectfully submit that the failure of the FTC to specify which enterprise Count I relates to, and the failure of the FTC to properly satisfy the pleading standards required for an action under Section 13(b) of the FTC Act are fatal flaws, warranting dismissal.

### III. COUNT I OF THE COMPLAINT FAILS TO SATISFY RULE 12(B)(6) AND SECTION 13(B) OF THE FTC ACT BECAUSE THE FTC HAS NOT ALLEGED THAT THE MOVING DEFENDANTS' CONDUCT IS LIKELY TO RECUR.

Section 5 of the FTC Act generally prohibits deceptive and unfair practices. As originally enacted in 1914, the FTC Act was to only be enforced through administrative actions. *FTC v. Shire ViroPharma, Inc.*, 917 F.3d 147, at 155 (3d Cir. 2019). Over the intervening decades, various amendments to the Act have provided for additional means of enforcement.

As alleged in the Complaint, Section 13(b) of the FTC Act, 15 U.S.C. § 53(b) is the vehicle through which the FTC is bringing Count I, regarding unfair and deceptive practices. Compl. ¶ 1. Section 13(b) has come under significant judicial review in recent months. *See, e.g.*, *FTC v. Shire ViroPharma, Inc.*, 917 F.3d 147; *FTC v. Credit Bureau Center, LLC*, No. 18-2847, 2019 WL 3940917, at *6 (7th Cir. Aug. 21, 2019). Section 13(b) states as follows:

> (b) Temporary restraining orders; preliminary injunctions
>
> Whenever the Commission has reason to believe—
>
> (1) that any person, partnership, or corporation is violating, or is about to violate, any provision of law enforced by the Federal Trade Commission, and
>
> (2) that the enjoining thereof pending the issuance of a complaint by the Commission and until such

complaint is dismissed by the Commission or set aside by the court on review, or until the order of the Commission made thereon has become final, would be in the interest of the public—

the Commission by any of its attorneys designated by it for such purpose may bring suit in a district court of the United States to enjoin any such act or practice. Upon a proper showing that, weighing the equities and considering the Commission's likelihood of ultimate success, such action would be in the public interest, and after notice to the defendant, a temporary restraining order or a preliminary injunction may be granted without bond: Provided, however, That if a complaint is not filed within such period (not exceeding 20 days) as may be specified by the court after issuance of the temporary restraining order or preliminary injunction, the order or injunction shall be dissolved by the court and be of no further force and effect: Provided further, That in proper cases the Commission may seek, and after proper proof, the court may issue, a permanent injunction. Any suit may be brought where such person, partnership, or corporation resides or transacts business, or wherever venue is proper under section 1391 of title 28. In addition, the court may, if the court determines that the interests of justice require that any other person, partnership, or corporation should be a party in such suit, cause such other person, partnership, or corporation to be added as a party without regard to whether venue is otherwise proper in the district

in which the suit is brought. In any suit under this section, process may be served on any person, partnership, or corporation wherever it may be found.

15 U.S.C. § 53(b).

The Ninth Circuit has long wrestled with this provision. In *FTC v. Evans*, the court addressed the standard by which courts in this Circuit should address the ability of the FTC to obtain an injunction. 775 F.2d 1084 (9th Cir. 1985). In that case, the court examined the ability of the FTC to obtain an injunction for activity that had ceased, and held that a standard of "likely to recur" was the proper standard for the issuance of an injunction. *Id*. at 1087. It should be noted *Evans* was limited only to the issue of the propriety of an injunction. As a review of Section 13(b) above shows, there is no reference to the power of the court to provide any relief other than an injunction. All relief, other than the injunctions specified in Section 13(b), has been engrafted into the statute through judicial interpretation; this includes remedies such as disgorgement and restitution. *FTC v. AMG Capital Management, LLC*, 910 F.3d 417, 429 (9th Cir. 2018) (O'Scannlain, J., concurring).

While both positions of the Ninth Circuit (regarding the "likely to recur" standard and the ability to obtain relief beyond injunctions) have been called into question by other circuits[2], even applying the Ninth Circuit's standards the Complaint as to Count I falls short of Rule 12(b)(6).

By the FTC's own admission Defendants Dee, Kaplan, and Maurer ceased any 8FDL activity more than six months prior to the filing of the Action, and the Complaint is devoid of allegations that during that time the remaining Defendant,

---

[2] The "likely to recur" standard has been rejected by the Third Circuit in *FTC v. Shire ViroPharma, Inc.*, 917 F.3d 147 and the ability of the FTC to obtain relief such as restitution has been rejected by the Seventh Circuit in *FTC v. Credit Bureau Center, LLC*, 2019 WL 3940917.

John Bain, either directly engaged in conduct contemplated by Section 5 or knew of and had the authority to control the acts of others that may have been engaging in violations of Section 5.

Taking as true the allegations of the Complaint that Defendants Dee, Kaplan, and Maurer had abandoned 8FDL (*see* Compl. ¶ 97) and the dearth of allegations that Bain engaged in any conduct in violation of Section 5 after the departure of the other Defendants, the Complaint fails to satisfy the "likely to recur" standard.

The importance of this shortcoming of the Complaint is made clear when considering the relief sought by the FTC. Paragraph 135 of the Complaint clearly states that the FTC is seeking the full panoply of equitable relief that the courts have read into the provisions of Section 13(b), including restitution and disgorgement. However, Count I of the Complaint is the only count for which Section 13(b) applies (the other counts relate to the Telemarketing Sales Rule, enforced through the provisions of Section 19 of the FTC Act, 15 U.S.C. § 57b). Accordingly, the Complaint is unclear and ambiguous as to which entity – 8FDL or OEA – the FTC is seeking financial relief. If the FTC is seeking relief for 8FDL activities, which ceased months before this action was filed, the FTC must be called upon to properly provide the basis by which this matter has been brought before this Court. For these reasons, Count I fails to meet the requirements of Rule 12(b)(6) and should be dismissed.

### IV. COUNT I OF THE COMPLAINT SHOULD BE REJECTED ON ITS FACE AS AN IMPROPER "SHOTGUN" PLEADING IN VIOLATION OF RULE 8.

Additionally, Count I of the Complaint is a classic impermissible "shotgun" pleading and, thus, it should be dismissed on its face under Rule 8. Indeed, as currently drafted, the FTC conflates and does not differentiate between the 8FDL and OEA Defendants—using the term "Defendants" in Count I—or their alleged conduct. *See, e.g.*, Compl. ¶¶ 110-112. Moreover, Count I merely makes reference to representations "that purchasers of their memberships or products will earn or are

likely to earn substantial income," (*see id.* ¶ 110), but it makes no distinction between unsubstantiated claims made pursuant to the OEA or 8FDL enterprises and certain allegations make no distinction between the individual Moving Defendants. In this respect, the FTC fails to differentiate between Defendants, impermissibly lumping them together in violation of Rule 8(a) which requires that a defendant have "fair notice" of the claims being asserted against him. *See* Fed. R. Civ. P. 8(a).

This style of "shotgun pleading" and improper bundling of allegations unfairly lumps 8FDL and OEA together. Thus, it is unclear if the allegations regarding 8FDL are merely context for the OEA allegations, or represent grounds for which Moving Defendants need to prepare a defense. As discussed above, relief for violations of Section 5 have as a default injunctive relief obtained through administrative actions. The FTC can only come before this Court for violations of Section 5 if they can allege and satisfy the standards of Section 13(b), to wit that defendants are or are about to violate Section 5 or, in the Ninth Circuit, that a violation that is "likely to recur." By improperly blending the claims against OEA and 8FDL, the FTC is attempting to 'bootstrap' the ostensible "likely to recur" claims against OEA to the old and defunct operations of 8FDL. As separate entities operating in distinct and non-overlapping timelines (*see* Compl. ¶ 97), each enterprise requires its own "likely to recur" analysis. If the FTC wanted to bring claims against both, it needed to plead separate counts as to each enterprise.

Federal courts routinely dismiss such "shotgun pleadings" for failure to satisfy basic federal pleading standards under Rule 8. More specifically, "[s]hotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations. They are unacceptable." *Sollberger v. Wachovia Sec., LLC*, No. SACV 09-0766AGANX, 2010 WL 2674456, at \*4-5 (C.D. Cal. June 30, 2010) (Guilford, J.) ("One common type of shotgun pleading

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

7

NOTICE OF MOTION AND MOTION TO
DISMISS COUNT I OF THE COMPLAINT

comes in cases with multiple defendants where the plaintiff uses the omnibus term 'Defendants' throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong. . . . This shotgun pleading style deprives Defendants of knowing exactly what they are accused of doing wrong . . . [and] this defect alone warrants dismissal."); *Mason v. Cty. of Orange*, 251 F.R.D. 562, 563-64 (C.D. Cal. 2008) (Guilford, J.) (finding complaint a typical "shotgun pleading" and granting motion for more definite statement because "unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice"); *see also Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy this minimum standard"). This Court should rule similarly as Count I of the Complaint is fatally flawed because the FTC has improperly bundled the allegations regarding activities on behalf of OEA with those allegedly conducted on behalf of 8FDL, and lumps the activities of OEA and 8FDL together with those of the various individual Defendants.

## V. CONCLUSION

For the foregoing reasons, Moving Defendants respectfully request the Court to dismiss Count I of the FTC's Complaint with prejudice.

| | | |
|---|---|---|
| 1 | Dated: October 7, 2019 | MANATT, PHELPS & PHILLIPS, LLP |
| 2 | | |
| 3 | | By: *s/ Richard P. Lawson* |
| 4 | | Richard P. Lawson |
| 5 | | *Attorneys for Defendants* |
| | | 8 FIGURE DREAM LIFESTYLE LLC, JL NET BARGAINS, INC., KAPPY ENTERPRISES, LLC, MILLIONAIRE MIND ENTERPRISES LLC, SPIRIT CONSULTING GROUP, INC., JOHN A. BAIN, ALEX DEE, BRIAN M. KAPLAN, AND JERROLD S. MAURER |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2019, the foregoing document was filed under seal with the Clerk of the Court for U.S. District Court, Central District of California through the CM/ECF system. All parties are registered CM/ECF users and will be served through the CM/ECF system.

By: _s/ Richard P. Lawson_
Richard P. Lawson