UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Federal Trade Commission, | No. SACV 19-1165-DOC (KESx) |
| Plaintiff, | STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST DEFENDANT OEA, LLC |
| v. | |
| 8 Figure Dream Lifestyle LLC, et al., | |
| Defendants. | |

On June 12, 2019, the Federal Trade Commission ("Commission") filed its Complaint for a permanent injunction and other equitable relief in this matter pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108. Docket No. 2. The Commission and Defendant OEA, LLC ("Settling Defendant") now respectfully request that the Court enter this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

1

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Settling Defendant participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, including marketing its online products by claiming falsely or without substantiation that consumers who purchased them would earn substantial income.

3. Settling Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Settling Defendant admits the facts necessary to establish jurisdiction.

4. Settling Defendant waives and releases any claims that it may have against the Commission that relate to this action, including any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5. Settling Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. **"Assisting Others"** means providing assistance or support to any Person, including providing any of the following services: (a) performing customer service functions, including receiving or responding to consumer complaints; (b) formulating or providing, or arranging for the formulation or provision of, any promotional material; (c) providing names of, or assisting in the generation of, potential customers, (d) verifying, processing, fulfilling, or arranging for the fulfillment of orders; (e) hiring, recruiting, or training personnel; (f) performing promotional or marketing services of any kind; or (g) processing or arranging for processing of credit cards, debit cards, Automated Clearing House (ACH) debits, remotely-created checks, or payments through any other system.

B. **"Business Coaching Program"** means any program, plan, or product, including those related to work-at-home-opportunities, that is represented, expressly or by implication, to train or teach a participant or purchaser how to establish a business or earn money or other consideration through a business or other activity.

C. **"Defendants"** means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

D. **"Corporate Defendants"** means 8 Figure Dream Lifestyle LLC; JL Net Bargains, Inc.; Kappy Enterprises, LLC; Millionaire Mind Enterprises LLC; OEA, LLC, d/b/a 14 Day Champion Challenge, d/b/a 14 Day Challenge; and Spirit Consulting Group, Inc., and each of their subsidiaries, affiliates, successors, and assigns.

E. **"Individual Defendants"** means John A. Bain; Alex Dee, f/k/a Alex S. Dowlatshahi; Brian M. Kaplan; and Jerrold S. Maurer.

F. **"Investment Opportunity"** means anything, tangible or intangible, that is offered, offered for sale, sold, or traded based wholly or in part on

representations, either express or implied, about past, present, or future income, profit, or appreciation.

G. **"Person"** means a natural person, organization, or other legal entity, including a corporation, limited liability company, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

H. **"Settling Defendant"** means OEA, LLC.

## ORDER

## I. BAN ON THE SALE OF BUSINESS COACHING PROGRAMS AND INVESTMENT OPPORTUNITIES

IT IS ORDERED that Settling Defendant is permanently restrained and enjoined from:

A. Creating, advertising, marketing, promoting, offering for sale, or selling, or Assisting Others in creating, advertising, marketing, promoting, offering for sale, or selling any Business Coaching Program or any Investment Opportunity; or

B. Holding, directly or through a third-Person, any ownership or other financial interest in any business entity that is creating, advertising, marketing, promoting, offering for sale, or selling, or that Assists Others in creating, advertising, marketing, promoting, offering for sale, or selling any Business Coaching Program, any Investment Opportunity, or any product to assist in the creation or development of a Business Coaching Program or an Investment Opportunity.

## II. PROHIBITION AGAINST MISREPRESENTATIONS OR UNSUBSTANTIATED CLAIMS

IT IS FURTHER ORDERED that Settling Defendant, its officers, agents, employees, and attorneys and all others in active concert or participation with any of them, who receive notice of this Order, whether acting directly or indirectly, in

connection with advertising, marketing, promoting, or offering for sale any good or service, are permanently restrained and enjoined from:

    A.    Misrepresenting or Assisting Others in misrepresenting, expressly or by implication, including through the use of any business, trade, or program name, endorsement, or testimonial, any material fact, including:

        1.    Consumers who purchase Settling Defendant's memberships, goods, or services will earn or are likely to earn substantial income; or

        2.    Any other fact material to consumers concerning any good or service, such as: the total costs; any refund policy; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

    B.    Making or Assisting Others in making any representation, expressly or by implication, about likely revenue, earnings, profit, or income unless the representation is non-misleading, and, at the time such representation is made, Settling Defendant possesses and relies upon competent and reliable written evidence that is sufficient to substantiate that the representation is true.

### III. MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

    A.    Judgment in the amount of Six Hundred Thousand Dollars ($600,000) is entered in favor of the Commission against Settling Defendant as equitable monetary relief.

    B.    In partial satisfaction of the judgment against Settling Defendant and within 14 days of entry of this Order, Wells Fargo Bank, N.A. is ordered to transfer all of the funds from Settling Defendant's sole account, number XXXXXX2531, to the Commission by electronic fund transfer in accordance with instructions to be provided by a representative of the Commission.

    C.    In partial satisfaction of the judgment against Settling Defendant and within 7 days of entry of this Order, Comerica Bank is ordered to transfer all of the

1  funds from Settling Defendant's sole account, number XXXXXX1057, to the
2  Commission by electronic fund transfer in accordance with instructions to be
3  provided by a representative of the Commission.
4      D.    In partial satisfaction of the judgment against Settling Defendant and
5  within 7 days of entry of this Order, Settling Defendant is ordered to transfer Ten
6  Thousand Dollars ($10,000) to the Commission by electronic fund transfer in
7  accordance with instructions to be provided by a representative of the Commission.
8      E.    Upon completion of the transfers identified in Subsections II.B
9  through II.D, the remainder of the judgment is suspended, subject to Subsections
10 II.F through II.N below.
11     F.    The Commission's agreement to the suspension of part of the
12 judgment is expressly premised upon the truthfulness, accuracy, and completeness
13 of Settling Defendant's sworn financial statements and related documents
14 (collectively, "Financial Representations") submitted to the Commission, namely:

    1.    The Financial Statement of Settling Defendant signed on October 18, 2019, including the attachment files with Reference Numbers OEA-003-B1 through OEA-003-B11; OEA-004-MS1 through OEA-004-MS7; and OEA-005-R1; and

    2.    The additional documentation submitted by OEA to Commission counsel Thomas L. Harris on July 24, 2019, Reference Numbers OEA-002-FS; OEA-003-B1 through OEA-003-B11; OEA-004-MS1 through OEA-004-MS7; and OEA-005-R1.

23     G.    The suspension of the judgment will be lifted as to Settling Defendant
24 if, upon motion by the Commission, the Court finds that Settling Defendant failed
25 to disclose any material asset, materially misstated the value of any asset, or made
26 any other material misstatement or omission in the financial representations
27 identified above or that Settling Defendant is in default on its obligations under
28 Subsection II.D.

H.  If the suspension of the judgment is lifted, the judgment becomes immediately due in the amount specified in Subsection II.A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

I.  Settling Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

J.  The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

K.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

L.  Settling Defendant acknowledges that its Taxpayer Identification Number (Employer Identification Number), which Settling Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

M.  All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies)

as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Settling Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

N. The asset freeze entered by the Court on July 19, 2019 and the duties of asset holders and other third parties thereunder, Docket No. 51 at 6-9, are modified to permit the payments identified in Subsections II.B through II.D. Upon completion of all such payments, the asset freeze is dissolved as to Settling Defendant.

## IV. BAN ON USE OF CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Settling Defendant, its officers, agents, employees, and attorneys and all others in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Settling Defendant must provide it, in the form prescribed by the Commission, within 14 days;

B. Disclosing, using, or benefitting from customer or prospective customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's or prospective customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order; and

C. Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## V. COOPERATION

IT IS FURTHER ORDERED that Settling Defendant must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Settling Defendant must provide truthful and complete information, evidence, and testimony. Settling Defendant must cause its officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## VI. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Settling Defendant obtain acknowledgments of receipt of this Order:

A. Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 20 years after entry of this Order, Settling Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Settling Defendant delivered a copy of this Order, Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Settling Defendant make timely submissions to the Commission:

A. One year after entry of this Order, Settling Defendant must submit a compliance report, sworn under penalty of perjury:

1. Settling Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Settling Defendant; (b) identify all of Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant; (d) describe in detail whether and how Settling Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 20 years after entry of this Order, Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Settling Defendant must report any change in: (a) any designated point of contact; or (b) the structure of Settling Defendant or any entity that Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or

any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Settling Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. 8 Figure Dream Lifestyle LLC, et al. (OEA, LLC), No. X190045.

## VIII. RECORDKEEPING

IT IS FURTHER ORDERED that Settling Defendant must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Settling Defendant must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone

numbers; job title or position; dates of service; and (if applicable) the reason for termination;

    C.    records of all consumer complaints and refund requests concerning the subject matter of the Order, whether received directly or indirectly, such as through a third party, and any response;

    D.    all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

    E.    a copy of each unique advertisement or other marketing material; and

    F.    Customer files obtained after entry of this Order, including those recorded on a customer relationship management database, also known as a "CRM," showing the names, addresses, telephone numbers, dollar amounts paid, and the quantity of products purchased, to the extent such information is obtained in the ordinary course of business.

## IX. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Settling Defendant's compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

    A.    Within 14 days of receipt of a written request from a representative of the Commission, Settling Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

    B.    For matters concerning this Order, the Commission is authorized to communicate directly with Settling Defendant. Settling Defendant must permit representatives of the Commission to interview any employee or other person

affiliated with the Settling Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.  The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Settling Defendant or any individual or entity affiliated with Settling Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## X. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED this 2nd day of March, 2020.

*David O. Carter*
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

SO STIPULATED AND AGREED:

FOR PLAINTIFF:

FEDERAL TRADE COMMISSION

_____  Date: 2/28/20

P. Connell McNulty (PA Bar No. 87966) (admitted *pro hac* vice)
(202) 326-2061 / pmcnulty@ftc.gov
Thomas L. Harris (CA Bar. No. 266271)
(202) 326-3620 / tharris1@ftc.gov
(202) 326-3395 (fax)
600 Pennsylvania Ave. NW, CC-8528
Washington, D.C. 20580

D. Emily Wu (CA Bar No. 293670)
(310) 824-4324 / ewu@ftc.gov
(310) 824-4380 (fax)
10990 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
Local Counsel

Attorneys for Plaintiff Federal Trade Commission

FOR DEFENDANT OEA, LLC:

_____  Date: 11/27/19
Mark H. Schwartz
3023 East Liberty Lane
Phoenix, AZ 85048

Owner and Officer of Defendant OEA, LLC

_____  Date: 11/27/19
Harvey I. Saferstein (CA Bar. No. 49750)
(310) 472-4282 / hsaferstein@headwear.com
Law Offices of Harvey I. Saferstein
167 N. Bentley Ave.
Los Angeles, CA 90049

Attorney for Defendant OEA, LLC