JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Federal Trade Commission,<br><br>              Plaintiff,<br><br>        v.<br><br>8 Figure Dream Lifestyle LLC, et al.,<br><br>             Defendants. | No. SA CV 19-01165-DOC (KESx)<br><br>**ORDER RE: APPLICATION FOR ENTRY OF STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST DEFENDANTS 8 FIGURE DREAM LIFESTYLE LLC; JL NET BARGAINS, INC.; KAPPY ENTERPRISES LLC; MILLIONAIRE MIND ENTERPRISES LLC; SPIRIT CONSULTING GROUP, INC.; JOHN A. BAIN; ALEX DEE; BRIAN M. KAPLAN; AND JERROLD S. MAURER** |

On June 12, 2019, the Commission filed its Complaint for a permanent injunction and other equitable relief in this matter pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108.  Docket. No. 2.  The Commission and Defendants 8 Figure Dream Lifestyle LLC; JL Net Bargains, Inc.; Kappy Enterprises LLC; Millionaire Mind Enterprises LLC; Spirit Consulting Group,

Inc.; John A. Bain; Alex Dee (formerly known as Alex S. Dowlatshahi); Brian M. Kaplan; and Jerrold S. Maurer (also known as Jerry Maurer) ("Settling Defendants") now respectfully request that the Court enter this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Settling Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the Telemarketing Act, 15 U.S.C. §§ 6101-08, and the Telemarketing Sales Rule, 16 C.F.R. Part 310, including sending millions of robocalls to consumers across the United States as Settling Defendants marketed products by claiming falsely or without substantiation that consumers who purchased them would earn substantial income.

3.      Settling Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Settling Defendants admit the facts necessary to establish jurisdiction.

4.      Settling Defendants waive and release any claims that they may have against the Commission that relate to this action, including any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.      Settling Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

# DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Assisting Others**" means providing assistance or support to any Person, including providing any of the following services: (a) performing customer service functions, including receiving or responding to consumer complaints; (b) formulating or providing, or arranging for the formulation or provision of, any promotional material; (c) providing names of, or assisting in the generation of, potential customers, (d) verifying, processing, fulfilling, or arranging for the fulfillment of orders; (e) hiring or recruiting personnel or others; (f) training personnel or others, including on the use of telephone calls that deliver a prerecorded message; (g) performing promotional or marketing services of any kind; or (h) processing or arranging for processing of credit cards, debit cards, Automated Clearing House (ACH) debits, remotely-created checks, or payments through any other system.

B. "**Defendants**" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

C. "**Corporate Defendants**" means 8 Figure Dream Lifestyle LLC; JL Net Bargains, Inc.; Kappy Enterprises, LLC; Millionaire Mind Enterprises LLC; OEA, LLC, d/b/a 14 Day Champion Challenge, d/b/a 14 Day Challenge; and Spirit Consulting Group, Inc., and each of their subsidiaries, affiliates, successors and assigns.

D. "**Individual Defendants**" means John A. Bain; Alex Dee, f/k/a Alex S. Dowlatshahi; Brian M, Kaplan; and Jerrold S. Maurer.

E. "**Investment Opportunity**" means anything, tangible or intangible, that is offered, offered for sale, sold, or traded based wholly or in part on representations,

either express or implied, about past, present, or future income, profit, or appreciation.

F.    "**Money-Making Method**" means any method, process, or technique that is offered, offered for sale, or sold, based wholly or in part on representations, either express or implied, that such method, process, or technique is non-generic or not generally available to the public, and will generate income for users or prospective purchasers.

G.    "**Outbound Telephone Call**" means a telephone call initiated by a Telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

H.    "**Person**" means a natural person, organization, or other legal entity, including a corporation, limited liability company, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

I.    "**Settling Defendants**" means 8 Figure Dream Lifestyle LLC, JL Net Bargains, LLC, Kappy Enterprises, LLC, Millionaire Mind Enterprises LLC, Spirit Consulting Group, Inc., John A. Bain, Alex Dee (formerly known as Alex S. Dowlatshahi), Brian M. Kaplan, and Jerrold S. Maurer (also known as Jerry Maurer).

J.    "**Telemarketer**" means any Person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor.

K.    "**Telemarketing**" means any plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution,

by use of one or more telephones and which involves more than one interstate telephone call.

## ORDER

### I. BAN ON THE SALE OF MONEY-MAKING METHODS

IT IS ORDERED that Settling Defendants are permanently restrained and enjoined from:

A.   Creating, advertising, marketing, promoting, offering for sale, or selling, or Assisting Others in creating, advertising, marketing, promoting, offering for sale, or selling any Money-Making Method;

B.   Holding, directly or through a third-Person, any ownership or other financial interest in any business entity that is creating, advertising, marketing, promoting, offering for sale, or selling, or that Assists Others in creating, advertising, marketing, promoting, offering for sale, or selling any Money-Making Method or any product to assist in the creation or development of a Money-Making Method.

### II. BAN ON THE SALE OF INVESTMENT OPPORTUNITIES

IT IS FURTHER ORDERED that Settling Defendants Alex Dee and Spirit Consulting Group, Inc. are permanently restrained and enjoined from:

A.   Creating, advertising, marketing, promoting, offering for sale, or selling, or Assisting Others in creating, advertising, marketing, promoting, offering for sale, or selling any Investment Opportunity;

B.   Holding, directly or through a third-Person, any ownership or other financial interest in any business entity that is creating, advertising, marketing, promoting, offering for sale, or selling, or that Assists Others in creating, advertising, marketing, promoting, offering for sale, or selling any Investment

Opportunity or any product to assist in the creation or development of an Investment Opportunity.

### III.    BAN ON ROBOCALLS

IT IS FURTHER ORDERED that Settling Defendants, whether acting directly or indirectly, are permanently restrained and enjoined from:

A.    Initiating, causing others to initiate, or Assisting Others in initiating any Outbound Telephone Call that plays or delivers a prerecorded message.  Provided, however, that an Outbound Telephone Call that plays or delivers a prerecorded message shall not violate this Paragraph if Settling Defendant proves that the prerecorded message (1) was delivered in compliance with the call abandonment safe harbor in 16 C.F.R. § 310.4(b)(4)(iii); and (2) the content of the prerecorded message did not contain marketing or advertisement;

B.    Using prerecorded messages to answer an inbound telephone call. Provided, however, that such prerecorded messages shall not violate this Paragraph if Settling Defendant proves that the prerecorded message did not contain marketing or an advertisement; and

C.    Holding, directly or through a third-Person, any ownership or other financial interest in any business entity that engages in any of the acts and practices listed in Paragraphs A and B of this Section.  Provided, however, that it is not a violation of this Order for Settling Defendants to own a non-controlling interest in a publicly-traded company that engages in such conduct.

### IV.    PROHIBITION AGAINST DECEPTIVE AND ABUSIVE TELEMARKETING PRACTICES

IT IS FURTHER ORDERED that Settling Defendants, their officers, agents, employees, and attorneys and all others in active concert or participation with any of them, who receive notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from violating, causing others

to violate, or Assisting Others in violating, the Telemarketing Sales Rule, 16 C.F.R. Part 310, attached as **Appendix A**.

## V.    PROHIBITION AGAINST MISREPRESENTATIONS OR UNSUBSTANTIATED CLAIMS

IT IS FURTHER ORDERED that Settling Defendants, their officers, agents, employees, and attorneys and all others in active concert or participation with any of them, who receive notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, or offering for sale any good or service, are permanently restrained and enjoined from:

A.    Misrepresenting or Assisting Others in misrepresenting, expressly or by implication, including through the use of any business, trade, or program name, endorsement, or testimonial, any material fact, including:

1.    Consumers who purchase Settling Defendant's memberships, goods, or services will earn or are likely to earn substantial income; or

2.    Any other fact material to consumers concerning any good or service, such as: the total costs; any refund policy; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

B.    Making or Assisting Others in making any representation, expressly or by implication, about likely revenue, earnings, profit, or income unless the representation is non-misleading, and, at the time such representation is made,

Settling Defendant possesses and relies upon competent and reliable written evidence that is sufficient to substantiate that the representation is true.

## VI.     MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A.     Judgment in the amount of $31,988,016 is entered in favor of the Commission against Settling Defendants, jointly and severally as equitable monetary relief.

B.     In partial satisfaction of the judgment against them, Settling Defendants are ordered to make the following payments to the Commission by electronic fund transfer in accordance with instructions to be provided by a representative of the Commission.

1.     Settling Defendants shall pay $418,708.92 to the Commission, which amount Settling Defendants stipulate their undersigned counsel at Manatt, Phelps & Phillips, LLP holds in escrow for no purpose other than payment to the Commission.  Such payment must be made within 7 days of entry of this Order.

2.     Under the Court's Order of May 19, 2020 (Dkt. No. 102), Settling Defendants Bain, Dee, Kaplan, and Maurer stipulated to liquidate their cryptocurrency holdings.  Within 7 days of entry of this Order, those defendants shall pay to the Commission all proceeds from the liquidation of their respective cryptocurrency accounts and all other funds in those accounts to the Commission.

C.     In partial satisfaction of the judgment against Settling Defendants:

1.     U.S. Bank N.A. is ordered to transfer all funds held in the accounts identified in **Appendix B** to this Order to the Commission by electronic fund transfer or cashier's check in accordance with instructions provided by a representative of the Commission.  The funds shall be transferred within 7 days of entry of this Order.

2.     Wells Fargo Bank, N.A. is ordered to transfer all funds held in the accounts identified in **Appendix C** to this Order to the Commission by electronic

fund transfer or cashier's check in accordance with instructions provided by a representative of the Commission.  The funds shall be transferred within 7 days of entry of this Order.

3.     TD Bank, N.A. is ordered to transfer all funds held in account numbers XXXX4885 and XXXX6081, both in the name of Jerry Maurer, and account number XXXX4546, in the name of JL Net Bargains, Inc., to the Commission by electronic fund transfer or cashier's check in accordance with instructions provided by a representative of the Commission.  The funds shall be transferred within 7 days of entry of this Order.

4.     JPMorgan Chase Bank, N.A. is ordered to transfer all funds held in account numbers XXXX2965, XXXX9106, XXXX3250, and XXXX5601, each in the name of Jerry Maurer, to the Commission by electronic fund transfer or cashier's check in accordance with instructions provided by a representative of the Commission.  The funds shall be transferred within 7 days of entry of this Order.

5.     PayPal Holdings, Inc. is ordered to transfer all funds held in account number XXXX5919, in the name of JL Net Bargains, Inc., and account number XXXX8061, in the name of Jerry Maurer, to the Commission by electronic fund transfer in accordance with instructions provided by a representative of the Commission.  The funds shall be transferred within 7 days of entry of this Order.

6.     Charles Schwab & Co., Inc. is ordered to liquidate at market rate all securities held in account number XXXX-9324 ("Account") in the names of Brian Kaplan and Andrea Kaplan.  The liquidation shall occur within 7 days of entry of this Order.  Charles Schwab & Co. is further ordered to transfer all proceeds from liquidation of the securities in the Account and all other funds in the Account to the Commission by electronic fund transfer in accordance with instructions provided

by a representative of the Commission.  The funds shall be transferred within 14 days of entry of this Order.

D.   Upon completion of the transfers identified in Subsections B and C, the remainder of the judgment is suspended, subject to the Subsections below.

E.   The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Settling Defendants' sworn financial statements and related documents (collectively, "Financial Attestations") submitted to the Commission, namely:

1.   The Financial Statement of Individual Defendant John A. Bain, dated July 1, 2019, and bearing Bates numbers 8FDL002271-2286 and 8FDL074308;

2.   The revised Financial Statement of Individual Defendant Alex Dee, dated September 9, 2019, bearing Bates numbers 8FDL Revised 000028-38;

3.   The Financial Statement of Individual Defendant Brian M. Kaplan, dated July 1, 2019, and bearing Bates numbers 8FDL003954-3964;

4.   The revised Financial Statement of Individual Defendant Jerrold S. Maurer, dated October 10, 2019, and bearing Bates numbers 8FDL Revised 000054-71;

5.   The Financial Statement of Corporate Defendant 8 Figure Dream Lifestyle LLC, dated July 1, 2019, and bearing Bates numbers 8FDL001402-1417;

6.   The revised Financial Statement of Corporate Defendant JL Net Bargains, Inc., dated October 10, 2019, and bearing Bates numbers 8FDL Revised 000072-85;

7.   The Financial Statement of Corporate Defendant Kappy Enterprises LLC, dated July 1, 2019, and bearing Bates numbers 8FDL00003967-3980, including Kappy Enterprises LLC's Income Statement bearing Bates numbers 8FDL003983-88;

8.   The Financial Statement of Corporate Defendant Millionaire Mind Enterprises LLC, dated July 1, 2019, and bearing Bates numbers 8FDL00004262-

4275, including Millionaire Mind Enterprises LLC's Income Statement bearing Bates numbers 8FDL004278-79;

9.    The revised Financial Statement of Corporate Defendant Spirit Consulting Group, Inc., dated September 9, 2019, and bearing Bates numbers 8FDL Revised 000039-53;

10.    The September 17, 2019, letter from Richard P. Lawson, co-counsel for Settling Defendants, to FTC staff regarding submission of the revised Financial Statement of Individual Defendant Alex Dee (8FDL Revised 000028-38) and the revised Financial Statement of Corporate Defendant Spirit Consulting Group, Inc. (8FDL Revised 000039-53) and bearing Bates numbers FTC-8FDL001000-001004;

11.    The October 17, 2019, letter from Richard P. Lawson, co-counsel for Settling Defendants, to FTC staff regarding submission of the revised Financial Statement of Individual Defendant Jerrold S. Maurer (8FDL Revised 000054-71) and the revised Financial Statement of Corporate Defendant J.L. Net Bargains, Inc. (8FDL Revised 000072-85) and bearing Bates numbers FTC-8FDL001005-001008; and

12.    The May 12, 2020 email correspondence between Richard P. Lawson, co-counsel for Settling Defendants, and FTC staff confirming Jerrold S. Maurer's holdings of cryptocurrency on the Binance and Coinbase exchanges and bearing Bates numbers FTC-8FDL001009-001010.

F.    The suspension of the judgment will be lifted as to any Settling Defendant if, upon motion by the Commission, the Court finds that the Settling Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the Financial Attestations

identified above or that Settling Defendant is in default on its obligations under Subsection B or has interfered in the obligations of any Person under Subsection C.

G.    If the suspension of the judgment is lifted, the judgment becomes immediately due in the amount specified in Subsection A (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

H.    Settling Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

I.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

J.    The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

K.    Each Settling Defendant acknowledges that its Taxpayer Identification Number (Employer Identification Number), which each previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

L.    All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money

remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Settling Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

M.   The asset freeze is modified to permit the payments and transfers identified in Subsections B and C.  Upon completion of all such payments and transfers, the asset freeze is dissolved as to Settling Defendants.

## VII.   BAN ON USE OF CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Settling Defendants, their officers, agents, employees, and attorneys and all others in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.   Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  Settling Defendants represent that they have provided this redress information to the Commission.  If a representative of the Commission requests in writing any information related to redress, Settling Defendants must provide it, in the form prescribed by the Commission, within 14 days;

B.   Disclosing, using, or benefitting from customer or prospective customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's or prospective customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained through or for the marketing or sale of goods or services under the names 8 Figure Dream Lifestyle,

1  8FDL, TiDom, OEA, Online Entrepreneur Academy, 14 Day Champion Challenge,

2  or 14 Day Challenge prior to entry of this Order; and

3      C.   Failing to destroy such customer information in all forms in their

4  possession, custody, or control within 30 days after receipt of written direction to

5  do so from a representative of the Commission.

6         Provided, however, that customer information need not be disposed of, and

7  may be disclosed, to the extent requested by a government agency or required by

8  law, regulation, or court order.

9  ## VIII. COOPERATION

10         IT IS FURTHER ORDERED that Settling Defendants must fully cooperate

11  with representatives of the Commission in this case and in any investigation related

12  to or associated with the transactions or the occurrences that are the subject of the

13  Complaint.  Settling Defendants must provide truthful and complete information,

14  evidence, and testimony.  Settling Defendants must cause each of their officers,

15  employees, representatives, or agents to appear for interviews, discovery, hearings,

16  trials, and any other proceedings that a Commission representative may reasonably

17  request upon 5 days written notice, or other reasonable notice, at such places and

18  times as a Commission representative may designate, without the service of a

19  subpoena.  Further, to assist the Commission with any investigation related to or

20  associated with the transactions or the occurrences that are the subject of the

21  Complaint, and with monitoring each Settling Defendant's compliance with this

22  order, each Settling Defendant consents, for purposes of the Electronic

23  Communications Privacy Act, in relevant part 18 U.S.C. §§ 2701-2712, to the

24  disclosure, by electronic communications service providers and remote computing

25  service providers, of information, including communications and records,

26  pertaining to the Settling Defendant's Telemarketing.  Each Settling Defendant

27  further agrees to execute, within 5 days of a request from the Commission, any

28  forms or other documents evidencing the Settling Defendant's consent that may be

1  required by such electronic communications service providers or remote
2  computing service providers.

3                    **IX.    ORDER ACKNOWLEDGMENTS**

4        IT IS FURTHER ORDERED that Settling Defendants obtain
5  acknowledgments of receipt of this Order:

6    A.    Each Settling Defendant, within 7 days of entry of this Order, must submit
7  to the Commission an acknowledgment of receipt of this Order sworn under
8  penalty of perjury.

9    B.    For 15 years after entry of this Order, each Individual Defendant for any
10  business that such defendant, individually or collectively with any other Settling
11  Defendant, is the majority owner or controls directly or indirectly, and each
12  corporate Settling Defendant, must deliver a copy of this Order to:  (1) all
13  principals, officers, directors, and LLC managers and members; (2) all employees
14  having managerial responsibilities for conduct related to the subject matter of the
15  Order and all agents and representatives who participate in conduct related to the
16  subject matter of the Order; (3) any business entity resulting from any change in
17  structure as set forth in the Section titled Compliance Reporting.  Delivery must

occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.    From each individual or entity to which a Settling Defendant delivered a copy of this Order, that defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X.    COMPLIANCE REPORTING

IT IS FURTHER ORDERED that each Settling Defendant make timely submissions to the Commission:

A.    One year after entry of this Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury:

1.    Each Settling Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with that defendant; (b) identify all of that defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Settling Defendant (which each Individual Defendant must describe if that defendant knows or should know due to their own involvement); (d) describe in detail whether and how that defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.    Additionally, each Individual Defendant must:  (a) identify all telephone numbers and all physical, postal, email and internet addresses, including all residences; (b) identify all business activities, including any business for which that defendant performs services whether as an employee or otherwise and any entity in which that defendant has any ownership interest; and (c) describe in detail

that defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 15 years after entry of this Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Settling Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that an Individual Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which that defendant performs services whether as an employee or otherwise and any entity in which that defendant has any ownership interest, and identify the name, physical address, and any internet address of the business or entity.

C. Each Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against that defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:

17

1    _____" and supplying the date, signatory's full name, title (if applicable), and

2    signature.

3        E.    Unless otherwise directed by a Commission representative in writing, all

4    submissions to the Commission pursuant to this Order must be emailed to

5    DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:

6    Associate Director for Enforcement, Bureau of Consumer Protection, Federal

7    Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580.  The

8    subject line must begin:  FTC v. 8 Figure Dream Lifestyle LLC, et al. (name of

9    Settling Defendant providing submission), No. X190045.

10                **XI.    RECORDKEEPING**

11            IT IS FURTHER ORDERED that each Settling Defendant must create

12    certain records for 15 years after entry of the Order, and retain each such record for

13    5 years.  Specifically, each settling Corporate Defendant and each Individual

14    Defendant for any business that such defendant, individually or collectively with

15    any other Defendants, is a majority owner or controls directly or indirectly, must

16    create and retain the following records:

17        A.    accounting records showing the revenues from all goods or services sold;

18        B.    personnel records showing, for each person providing services, whether as

19    an employee or otherwise, that person's: name; addresses; telephone numbers; job

20    title or position; dates of service; and (if applicable) the reason for termination;

21        C.    records of all consumer complaints and refund requests concerning the

22    subject matter of the Order, whether received directly or indirectly, such as through

23    a third party, and any response;

24        D.    all records necessary to demonstrate full compliance with each provision of

25    this Order, including all submissions to the Commission;

26        E.    a copy of each unique advertisement or other marketing material;

27        F.    records of all Telemarketing calls dialed by a Settling Defendant or his

28    businesses (i.e., majority owner or controls the business), or dialed on behalf of a

1    Settling Defendant or his businesses by their vendors, contractors, or

2    telecommunications providers, including for each call: (a) the number called; (b)

3    the caller ID number displayed; (c) the time and date of the call; (d) the duration of

4    the call; (e) any telephone number or IP address to which the call was forwarded or

5    transferred; and (f) the name of the Telemarketing campaign, the identity of the

6    seller on whose behalf the call was placed, and the general nature of the good or

7    service being marketed; and

8        G.    customer files obtained after entry of this Order, including those recorded

9    on a customer relationship management database, also known as a "CRM,"

10   showing the names, addresses, telephone numbers, dollar amounts paid, and the

11   quantity of products purchased, to the extent such information is obtained in the

12   ordinary course of business.

13                    **XII.   COMPLIANCE MONITORING**

14           IT IS FURTHER ORDERED that, for the purpose of monitoring each

15   Settling Defendant's compliance with this Order, including the Financial

16   Attestations upon which part of the judgment was suspended and any failure to

17   transfer any assets as required by this Order:

18       A.    Within 14 days of receipt of a written request from a representative of the

19   Commission, each Settling Defendant must:  submit additional compliance reports

20   or other requested information, which must be sworn under penalty of perjury;

21   appear for depositions; and produce documents for inspection and copying.  The

22   Commission is also authorized to obtain discovery, without further leave of court,

23   using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30

24   (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

25       B.    For matters concerning this Order, the Commission is authorized to

26   communicate directly with each Settling Defendant.  Each Settling Defendant must

27   permit representatives of the Commission to interview any employee or other

28

person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.    The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to any Settling Defendant or any individual or entity affiliated with a Settling Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.    Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XIII.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this 6th day of  September , 2020.**

*David O. Carter*

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

| DEFENDANT 8 FIGURE DREAM LIFESTYLE LLC | FEDERAL TRADE COMMISSION |
|---|---|

20

| | |
|---|---|
| _____<br>By: John A. Bain, *Owner*<br><br>**DEFENDANT JL NET BARGAINS, INC.**<br><br>_____<br>By: Jerrold S. Maurer, *President and Owner*<br><br><br><br><br><br><br>**DEFENDANT KAPPY ENTERPRISES LLC**<br><br>_____<br>By: Brian M. Kaplan, *Owner and Officer*<br><br>**DEFENDANT MILLIONAIRE MIND ENTERPRISES LLC**<br><br>_____<br>By: Brian M. Kaplan, *Owner and Officer*<br><br>**DEFENDANT SPIRIT CONSULTING GROUP, INC.**<br><br>_____<br>By: Alex Dee, *Manager* | _____<br>P. Connell McNulty, Attorney<br>202-326-2016 /<br>pmcnulty@ftc.gov<br>Thomas L. Harris, Attorney<br>202-326-3620 / tharris1@ftc.gov<br>202-326-3395 (fax)<br>600 Pennsylvania Avenue, NW<br>Washington, DC 20580 |

**DEFENDANT JOHN A. BAIN**

_____
*Individually*

**DEFENDANT ALEX DEE**

_____
*Individually*

**DEFENDANT BRIAN M. KAPLAN**

_____
*Individually*
**DEFENDANT JERROLD S. MAURER**

_____
*Individually*

**MANATT, PHELPS & PHILLIPS LLP**

_____
Christine M. Reilly, Attorney
212-790-4539 /
creilly@manatt.com
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
Danielle C. Newman, Attorney
212-704-1964 /
dnewman@manatt.com
7 Times Square
New York, NY 10036

*Co-Counsel for Defendants 8 Figure Dream Lifestyle LLC, JL Net Bargains Inc., Kappy Enterprises LLC, Millionaire Mind Enterprises LLC, Spirit Consulting Group Inc., John A. Bain, Alex Dee, Brian M. Kaplan, and Jerrold S. Maurer*

*And*

**GARDNER BREWER MARTINEZ-MONFORT**

_____

Richard P. Lawson, Attorney
813-444-5562 /
rlawson@gbmmlaw.com
400 North Ashley Drive
Suite 1100
Tampa, FL 33602

*Co-Counsel for Defendants 8 Figure Dream Lifestyle LLC, JL Net Bargains Inc., Kappy Enterprises LLC, Millionaire Mind Enterprises LLC, Spirit Consulting Group Inc., John A. Bain, Alex Dee, Brian M. Kaplan, and Jerrold S. Maurer*